Sheryl J. Willert, WSBA #08617
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT E. CRAVEN, JR., an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUY SYNTHES SALES, INC. aka DEPUY SYNTHES SPINE, a foreign corporation; JOHNSON & JOHNSON INC., a foreign corporation; and AARON ANDERSON AND JANE DOE ANDERSON, a marital community, <br><br> Defendants. | NO. <br><br> NOTICE OF REMOVAL |

TO:   The Clerk of the United States District Court for the Eastern District of Washington.

I.  NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332(a), 28 U.S.C. §1441, and 28 U.S.C. §1446,

NOTICE OF REMOVAL - 1

5903906.1

the above-named Defendants consent to the removal of the action captioned, *Robert E. Craven, Jr. v. DePuy Synthes Sales, Inc. aka DePuy Synthes Spine, Johnson & Johnson, Inc. and Aaron Anderson and Jane Doe Anderson,* No. 160204049-1, from the Superior Court of Spokane County, Washington to the United States District Court for the Eastern District of Washington.  In support of its removal of this action, DePuy Synthes Sales, Inc. ("DePuy Synthes Sales") states as follows:

1.    On October 18, 2016, Plaintiff Robert Craven Jr. filed a complaint in Spokane County Superior Court against Defendants, styled *Robert E. Craven, Jr. v. DePuy Synthes Sales, Inc. aka DePuy Synthes Spine, Johnson & Johnson, Inc. and Aaron Anderson and Jane Doe Anderson,* No. 160204049-1**.**  Plaintiff is a former employee of DePuy Synthes Sales.

2.    Defendant DePuy Synthes Sales was served with the summons and complaint on October 31, 2016.  Aaron Anderson was served on November 11, 2016.  Attached as **Exhibit A** are true and correct copies of the following pleadings filed in Spokane County Superior Court:

- Summons and Complaint
- Notice of Assignment
- Declaration of Service on DePuy Synthes Sales, Inc.
- Declaration of Service on Aaron Anderson
- Notice of Appearance for Sheryl J. Willert and Jeffery M. Wells

NOTICE OF REMOVAL - 2

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

These documents are attached as Exhibit A, constitute the entire records and proceedings filed in Spokane County Superior Court.

3.    DePuy Synthes Sales files this Notice of Removal on November 30, 2016.  This Notice is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days after the complaint was served on DePuy Synthes Sales.

4.    This Notice is properly filed in the Eastern District of Washington because this Court embraces Spokane County, the county in which the state court action is now pending.  *See* 28 U.S.C. §§ 128(b) & 1441(a).

5.    This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is a civil action between citizens of different States.

6.    The Complaint does not expressly state an amount in controversy. However, pursuant to 28 U.S.C §1446(b), a reasonable person reading the complaint would conclude that minimum jurisdictional amount is met.  Plaintiff has alleged claims for (1) nonmonetary relief (Declaratory Relief for Non-Compete Agreement); (2) Retaliation/Wrongful Termination in Violation of Public Policy; (3) Wrongful Termination; (4) Willful Failure to Pay Wages under RCW 49.52. *et seq*.; (5) Vicarious liability; and (6) Unjust enrichment.

7.    Plaintiff alleges damages that include alleged unpaid wages,

NOTICE OF REMOVAL - 3

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

exemplary damages, back pay, front pay and prejudgment interest. *See* Complaint at ¶¶ 17, 21, 34, 39 & 54. Accordingly, it is clear that the damages sought by Plaintiff will exceed the $ 75,000.00.

8.    The United States District Courts have original jurisdiction over this case based on diversity of citizenship of the parties. *See* 28 U.S.C. § 1332(a).

9.    Plaintiff Robert Craven, Jr. is an individual domiciled in Spokane County, Washington. *See* Complaint at ¶ 1.

10.    Defendant DePuy Synthes Sales is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of Massachusetts with its principal place of business in Raynham, Massachusetts. DePuy Synthes Sales is not a citizen of the State of Washington.

11.    Defendant Johnson & Johnson is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. Johnson & Johnson is not a citizen of the State of Washington.

12.    Defendant Aaron Anderson is a resident of Washington State, but for the reasons set forth below, he is an improperly joined party.

II. <u>AARON ANDERSON IS A FRAUDENTLY JOINED DEFENDANT</u>

It is a common place that fraudulently joined defendants <u>will not</u> defeat

NOTICE OF REMOVAL - 4

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

removal on diversity grounds. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193& n.1 (9th Cir. 1988). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. Cal. 2003) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent. *Smith v. Southern Pacific Co.*, 187 F.2d 397 (9th Cir. 1951).

In determining whether a defendant's joinder is "fraudulent," courts may consider the allegations in the complaint and facts presented by defendant in the notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The court may also consider affidavits submitted by the defendant. *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.* (9th Cir. 1985).[1]

A.    **Mr. Anderson Cannot Be Liable for Plaintiff's Unpaid Wage Claim**

Under Washington law, *only* an employer, officer, vice principal or agent of an employer, who willfully and with the intent to deprive the employee of any part of his or her wages, may be held liable for a failure to pay wages. RCW

---

[1] The inclusion of Jane Doe Anderson does not affect removability. 28 U.S.C. 1141(b)(1).

NOTICE OF REMOVAL - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5903906.1

49.52.050.

At the time that Mr. Craven was employed by DePuy Synthes Sales, Mr. Anderson was a Team Lead in the "Big Sky" territory in which Mr. Craven worked as a sales representative. As a Team Lead, Mr. Anderson was not an officer, principal, manager or agent for DePuy Synthes Sales. Plaintiff cannot establish <u>any</u> facts or evidence to the contrary. WPI 50.02. Furthermore, Mr. Anderson did not have any responsibility or decision-making authority with respect to the payment or alleged nonpayment of Mr. Craven's commissions because that it is outside the scope of his duties and responsibilities. *See* Declaration of Gerald Campbell, ¶¶1-8.

B.    **Mr. Anderson Cannot be Held Liable for Unjust Enrichment**

In Washington, the doctrine of unjust enrichment is based on the principle that "one should not be unjustly enriched at the expense of another." *Dragt v. Dragt/Detray, LLC*, 139 Wn. App. 560, 576, 161 P.3d 473 (2007) (citing *Lynch v. Deaconess Medical Ctr.*, 113 Wn.2d 162, 165, 776 P.2d 681 (1989)). It is a theory of quasi-contract, wherein a contract is implied-in-law to prevent the inequity. *See, e.g., Lynch v. Deaconess Medical Ctr.*, 113 Wn.2d 162, 165, 776 P.2d 681 (1989). Unjust enrichment claims are analyzed on a case-by-case basis to determine "whether, under the particular circumstances, the acceptance or

NOTICE OF REMOVAL - 6

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

retention of the benefit makes it inequitable to retain the benefit without payment of its value." *Bank of America v. Wells Fargo Bank*, 109 P.3d 863, 870 (2005) (internal citation omitted). In addition, an unjust enrichment claim cannot be met where such a claim would contradict a provision of a valid express contract. *MacDonald v. Hayner*, 43 Wn. App. 81, 86, 715 P.2d 519 (1986).

Under Washington law, Mr. Craven cannot establish a claim for unjust enrichment against Mr. Anderson for two reasons. First, as set forth above, Mr. Anderson did not control or dictate the terms of Mr. Craven's compensation. He did not divert or withhold Mr. Craven's compensation because he is not an officer, vice principal, manager or agent of the Company. The terms of Mr. Craven's compensation were the subject of an agreement between the Company and Mr. Craven. Any benefit that Mr. Anderson received in the form of compensation was in accord with the Company's policies. Campbell Decl. ¶¶1-8.

Second, as set forth above, Mr. Craven's compensation was governed by an agreement between the Company and Mr. Craven. Mr. Craven's unjust enrichment claim as alleged would contradict that agreement. Under *MacDonald v. Hayner, supra,* the claim therefore cannot exist.

### III.  NOTICE TO PLAINTIFF

Contemporaneously with the filing of this Notice of Removal in the United

NOTICE OF REMOVAL - 7

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

States District Court for the Eastern District of Washington, written notice of such filing will be served on Plaintiff's counsel of record: Kevin W. Roberts of Roberts Freebourn, PLLC, 313 W. Riverside Ave. Spokane, Washington 99201. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Washington for Spokane County. WHEREFORE, Defendants respectfully remove the matter from the Superior Court of Spokane County, Washington to the United States District Court for the Eastern District of Washington at Spokane, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED this 30th day of November, 2016.

s/Sheryl J. Willert
Sheryl J. Willert, WSBA #08617
s/Jeffery M. Wells
Jeffery M. Wells, WSBA #45840
Attorneys for Defendants
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
swillert@williamskastner.com
jwells@williamskastner.com

NOTICE OF REMOVAL - 8

5903906.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following parties:

Kevin W. Roberts                    ☑ Via CM/ECF
Roberts Freebourn, PLLC
313 W. Riverside, Ave
Spokane, WA  99201
kevin@robertsfreebourn.com

Attorneys for Plaintiff

Signed at Seattle, Washington this 30th day of November, 2016

s/Sheryl J. Willert
Sheryl J. Willert, WSBA #08617
Attorneys for Defendants
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
swillert@williamskastner.com
jwells@williamskastner.com

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

NOTICE OF REMOVAL - 9

5903906.1